

**United States Department of Justice**

*United States Attorney*
*District of Connecticut*

---

*Connecticut Financial Center*            *(203) 821-3700*
*157 Church Street, 25th Floor*            *Fax (203) 773-5376*
*New Haven, Connecticut 06510*            *www.justice.gov/usao/ct*

August 19, 2019

Catherine O'Hagan Wolfe
Clerk of the Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

       Re:    *United States v. Carpenter*
              Docket No. 19-70

Dear Ms. Wolfe:

       Pursuant to Fed. R. App. P. 28(j), this letter is to advise the Court of the following decision: *United States v. DiTomasso*, No. 17-1699, 2019 WL 3417264 (2d Cir. July 30, 2019). This case has bearing on the government's argument, at pages 48-50 and 77-79 of its brief, that Mr. Carpenter lacked a reasonable expectation of privacy (*i.e.*, standing) to seek suppression of trial evidence obtained from the execution of two searches—one in 2010 and one in 2011—at the offices of the Charter Oak Trust, and that any error was harmless in light of the other evidence properly admitted.

       In *DiTomasso*, this Court rejected the defendant's suppression challenge as to some of the seized material in part because that material was "not offered or admitted at trial." *DiTomasso*, 2019 WL 3417264 at *6. Similarly, in this case, almost none of the material from Carpenter's own office—the only material in which he *may* have had a reasonable expectation of privacy—was introduced as evidence at trial. Only one document from the 2010 search that was admitted at trial came from Carpenter's office. *See* Gov't Br. at 49-50, 78. At most 14 trial exhibits (and 4 parts of composite exhibits) from the 2011 search potentially *could* have come from Carpenter's office (the record was undeveloped on this point). *See id.* at 78-79. The rest of the material coming from Carpenter's office was not admitted at trial and thus, under *DiTomasso,* should not factor in the Court's decision. Moreover, since none of the evidence from Carpenter's office would have affected "in some material

respect" the district court's judgment, *id*. at 77-78, its admission—even if error—was harmless.

      I respectfully request that a copy of this letter be circulated to each of the panel members assigned to this case.

                                        Very truly yours,

                                        JOHN H. DURHAM
                                        UNITED STATES ATTORNEY

                                        NEERAJ N. PATEL
                                        DAVID E. NOVICK
                                        ASSISTANT U.S. ATTORNEYS

cc:    Michael A. Levy, Esq. (via ECF)
        Qais Ghafary, Esq. (via ECF)