

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

MLEVY@SIDLEY.COM
+1 212 839 7341

September 13, 2019

**By ECF**

Ms. Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, New York 10007

Re: *United States v. Carpenter*, Docket No. 19-70

Dear Ms. Wolfe:

Pursuant to Fed. R. App. P. 28(j), Appellant Daniel Carpenter respectfully responds to the Government's August 19, 2019 letter ("Ltr."), which claims that this Court's July 30, 2019 decision in *United States v. DiTomasso*, 932 F.3d 58 (2d Cir. 2019), "has bearing on the government's argument … that Mr. Carpenter lacked a reasonable expectation of privacy (*i.e.*, standing) to seek suppression of trial evidence obtained from the execution of two searches … and that any error was harmless[.]" (Ltr. 1.) *DiTomasso* is inapposite to this case.

In *DiTomasso*, AOL conducted routine monitoring of an email account belonging to the defendant and twice filed complaints with the National Center for Missing and Exploited Children ("NCMEC") reporting that the account was suspected of receiving child pornography. *DiTomasso*, 932 F.3d at 63. NCMEC, in turn, generated two reports. *Id*. Before trial, the defendant asserted that AOL was a government agent and moved to suppress the complaints and resulting reports as the product of an unconstitutional search of his AOL accounts. *Id*. at 64. The district court denied the motion. *Id*. On appeal, this Court found it unnecessary to review the correctness of the district court's decision because "those NCMEC reports—and the AOL complaints on which they were based—were not offered or admitted at trial." *Id*. at 66.

As these facts make clear, *DiTomasso*, in fact, has no "bearing" whatsoever "on the government's argument . . . that Mr. Carpenter lacked a reasonable expectation of privacy" (Ltr. 1) in his office space, which was searched by the Government in this case. As for the Government's argument that any error in Carpenter's case was harmless because only some of the evidence seized in the challenged searches was admitted, *DiTomasso* says nothing meaningful. The challenged reports in *DiTomasso* were not admitted at all. There was no

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

**SIDLEY**

Page 2

harmlessness analysis other than the passing (and obviously correct) observation that where nothing collected from a challenged search was introduced at trial, the legality of the search is immaterial.  *Id.*  Here, evidence obtained in the searches was admitted.

                                              Sincerely,

                                              /s/ Michael A. Levy

                                              Michael A. Levy

Cc:  All counsel (by ECF)